**CT Corporation**

**Service of Process Transmittal**
02/01/2022
CT Log Number 540982118

TO:     Randi Neches
        MARRIOTT INTERNATIONAL, INC.
        1 Star Pt
        Stamford, CT 06902-8911

RE:     **Process Served in Georgia**

FOR:    MARRIOTT INTERNATIONAL, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PATRICK O'HAVER // To: MARRIOTT INTERNATIONAL, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Fulton County - State Court, GA<br>Case # 22EV000609 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 01/29/2020 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/01/2022 at 14:13 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | George A. Koenig<br>KOENIG LAW GROUP, P.C.<br>Peachtree 25th, Suite 599<br>1718 Peachtree Street, N.W.<br>Atlanta, GA 30309<br>678-539-6171 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/01/2022, Expected Purge Date: 02/06/2022<br><br>Image SOP<br><br>Email Notification, Randi Neches  Randi.Neches@Marriott.com<br><br>Email Notification, Reine Blackwell-Moore  reine.blackwell@marriott.com<br><br>Email Notification, Eleni Planzos  eleni.planzos@marriott.com<br><br>Email Notification, Matthew Casassa  matthew.casassa@marriott.com<br><br>Email Notification, Margaret Dakan  margaret.dakan@marriott.com<br><br>Email Notification, Michael Martinez  michael.martinez@marriott.com<br><br>Email Notification, Theresa Coetzee  Theresa.Coetzee@marriott.com |



**Service of Process Transmittal**
02/01/2022
CT Log Number 540982118

**TO:**   Randi Neches
MARRIOTT INTERNATIONAL, INC.
1 Star Pt
Stamford, CT 06902-8911

**RE:**   **Process Served in Georgia**

**FOR:**   MARRIOTT INTERNATIONAL, INC.  (Domestic State: DE)

Email Notification,  Dave Bell  dave.bell@marriott.com

Email Notification,  Margot Metzger  margot.metzger@marriott.com

**REGISTERED AGENT ADDRESS:**   C T Corporation System
289 S. Culver St.
Lawrenceville, GA 30046
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

State Court of Fulton County
**E-FILED**
22EV000609
1/28/2022 10:41 AM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: _____

DO NOT WRITE IN THIS SPACE

Patrick O'Haver

75 Grandwater Drive

Suwanee, Georgia 30024

Plaintiff's Name, Address, City, State, Zip Code

vs.

Marriott International, Inc.
c/o CT Corporation, Registered Agent

289 S. Culver Street

Lawrenceville, Georgia 30046-4805

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ _____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ _____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ _____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | =========== |
| [X] NEW FILING | |
| [ ] RE-FILING  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: __ George Koenig, Koenig Law Group, P.C.

Address: __ 1718 Peachtree Street, Suite 599

City, State, Zip Code: __ Atlanta, Georgia 30309 ____    Phone No.: __ (678)539-6171

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSES MAY BE MADE & JURY TRIAL DEMANDED via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

## SERVICE INFORMATION:

Served, this _____ day of _____, 20____

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20____    _____ Foreperson

### (STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
**E-FILED**
22EV000609
1/28/2022 10:41 AM
Christopher G. Scott, Clerk
Civil Division

## FULTON COUNTY STATE COURT

## STATE OF GEORGIA

| | | |
|---|---|---|
| PATRICK O'HAVER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | **JURY TRIAL DEMANDED** |
| v. | * | |
| | * | **CIVIL ACTION NO. _____** |
| MARRIOTT INTERNATIONAL, INC.; | * | |
| BRIAN DOUGLAS THOMPSON, AND | * | |
| JOHN DOES 1-5 | * | |
| | * | |
| Defendants. | * | |
| | * | |

### COMPLAINT FOR DAMAGES

COMES NOW PATRICK O'HAVER, and brings this Complaint for Damages, and shows the Court the following:

1.

Plaintiff Patrick O'Haver is and at all times material to this action was a resident of the state of Georgia.

2.

Defendant Marriott International, Inc. is a Delaware corporation authorized to do business in the state of Georgia. It may be served with process through its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, Georgia 30046-4805.

3.

Defendant Brian Douglas Thompson is an individual and resident of the state of North Carolina who resides 8516 Park Chester Place, Oak Ridge, North Carolina 27310. He may be served with process at this address.

4.

The true names or capacities of Defendants named herein as John Does 1-5 are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show said John Does' true names and service addresses when the same have been ascertained. Plaintiff identifies John Does 1-5 as either joint tortfeasors or possible additional liable parties. Plaintiff alleges on information and belief that John Does are in some manner responsible for the acts or omissions alleged herein. Defendants John Does 1-5 will be served with summons and a copy of the Complaint as soon as their identities are provided in discovery or obtained by other means. Upon information and belief, Defendants John Does 1-5 are subject to the jurisdiction and venue of this Court.

5.

The Court has jurisdiction and venue is proper.

6.

At all times material Defendant Marriott owned, operated, controlled and managed The Westin Peachtree Plaza, Atlanta (hereinafter, "the Westin") located at 210 Peachtree Street NW, Atlanta, Georgia 30303.

7.

On January 29, 2020, Plaintiff and several business associates attended an industry event in the main lobby and bar area of the Westin. Plaintiff was an invitee and lawfully on the premises. After they arrived, the lobby was rather crowded so Plaintiff offered to get drinks for his group at the hotel bar.

2

8.

Defendant Thompson was sitting at the bar in the Westin drinking alcohol. Defendant Marriott had overserved Defendant Thompson and had actual and/or constructive knowledge that Defendant Thompson was intoxicated. Plaintiff approached the bar and ordered drinks for himself and his business associates. As Plaintiff was picking up his beers and heading back to his group, Defendant Thompson hit him in the chest with his fists. This unprovoked attack caused Plaintiff to spill beer all over his shirt and jacket.

9.

Plaintiff did not respond in kind. Instead, staying calm, he immediately stepped away from Defendant Thompson and alerted the bartender of the attack. Defendant Thompson then took several steps toward Plaintiff and hit him in the chest again, this time much harder than the first time, and several chairs were knocked to the ground. Once again, Plaintiff retreated as the bartenders called for security.

10.

Plaintiff and his associates left the area to avoid any further issues. As they left the bar lobby area, Plaintiff looked back and saw Defendant Marriott's security personnel with Defendant Thompson. He turned his eyes from Defendant Thompson, stepped onto the granite floor area of the lobby and continued walking away.

11.

Defendant Thompson charged full speed into the Plaintiff. He tackled the Plaintiff from behind – slamming him into the hard floor. Defendant Marriott's security personnel chose not to restrain or otherwise intervene to address Defendant Thompson's aggressive behavior, thus allowing this attack to occur.

3

12.

Plaintiff was blindsided by the attack. He was knocked off his feet, went vertical, hit the floor with the entire right side of his body, landed on top of broken glass, and had the wind knocked out of him. Plaintiff was bleeding and the glass he had been holding was broken. He felt like he'd just been hit by a freight train. The Westin's security camera system captured this vicious attack.

13.

This was the third attack by Defendant Thompson.   Still in shock, Plaintiff struggled to get to his feet to try to avoid further harm. Plaintiff's associate promptly got between Plaintiff and Defendant Thompson. Defendant Thompson went back to the bar area.

14.

Just when Plaintiff thought it was all over, Defendant Thompson attacked him for a fourth time by lunging at Plaintiff as Plaintiff was leaning against a large granite column recovering from the recent attack. Defendant Thompson shouted in words or substance and in a heavily slurred voice, "what the fu*k do I have to do now, apologize to you you fat fu*ker" and hit him again, hard, this time in the solar plexus. Defendant Marriott's security personnel chose not to restrain or otherwise intervene to address Defendant Thompson's aggressive behavior, thus allowing this attack to occur.

15.

Defendant Marriott's employees, including its bar staff and security personnel, were aware of the great danger Defendant Thompson presented to Plaintiff at the time of the attacks and for each of the attacks, including that Defendant Thompson was obviously, noticeably and extremely intoxicated, that he had been overserved at the Westin bar, that he was openly belligerent, aggressive, vicious and violent, that he intended to harm Plaintiff,  and that he was targeting and

4

in fact repeatedly attacking Plaintiff despite Plaintiff's request for assistance from Defendant Marriott and his repeated attempts to retreat to avoid further harm. Even with this actual and/or constructive knowledge of the danger Defendant Thompson posed, Defendant Marriott did not take adequate steps to prevent harm to invites and Plaintiff.

16.

Eventually, police officers arrived at the scene, reviewed the security camera footage and placed Defendant Thompson under arrest for the attacks. Defendant Thompson pled guilty and has been sentenced on those charges.

17.

Plaintiff exercised ordinary care and diligence at all times and under the circumstances then existing.

18.

Plaintiff was injured as a guest at the Westin because Defendant Marriott failed to provide adequate security and failed to exercise ordinary care to keep the premises safe, and because Defendant Thompson repeatedly and viciously attacked Plaintiff on the Westin premises. As a result, Plaintiff suffered extensive injury and pain accordingly.

19.

Defendant Marriott had knowledge, both actual and constructive, of the need to properly secure the Westin's public spaces in which Plaintiff had been invited and to restrain Defendant Thompson, to provide an escort and other assistance to Plaintiff and to take other steps needed to protect Plaintiff from Defendant Thompson's open, obvious and repeated intents, disposition and violent acts against Plaintiff.

5

## COUNT I: NEGLIGENCE

## FAILURE TO KEEP PREMISES SAFE

20.

Plaintiff repeats as if set forth fully herein paragraphs 1 to 19.

21.

At all times relevant to Plaintiff's Complaint, Defendant Marriott owed a duty of care to keep the premises in a safe condition and in a condition consistent with due regard for the safety of its invitees, including Plaintiff.

22.

At all times relevant to Plaintiff's Complaint, Defendant Marriott owed a duty of care to their invitees, including Plaintiff, to keep the premises safe from unlawful acts on the premises.

23.

Defendant Marriott breached its duty by negligently failing to keep the premises safe, negligently failing to provide adequate security to keep invitees, including Plaintiff, safe, negligently failing to warn Plaintiff of the imminent physical attacks of its guest, Defendant Thompson, negligently failing to train and supervise its staff to act for the safety and well-being of Plaintiff, and negligently failing to renovate, maintain, inspect and manage the premises at issue, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff.

24.

At all times relevant to Plaintiff's Complaint, Defendant Marriott knew of hazardous or dangerous conditions on the premises and failed to warn invitees, including Plaintiff, of them.

6

25.

At all times relevant to Plaintiff's Complaint, Defendant Marriott failed to implement adequate security policies, security measures, and security procedures necessary to protect their invitees, including Plaintiff.

26.

At all times relevant to Plaintiff's Complaint, Defendant Marriott failed to enforce property and security rules, policies, and regulations despite known, recurring instances of criminal activity, disorder, and rules violations.

27.

At all times relevant to Plaintiff's Complaint, Defendant Marriott permitted or otherwise ignored criminal activity on the premises.

28.

At all times relevant to Plaintiff's Complaint, Defendant Marriott failed to take such precautions as were reasonably necessary to protect its invitees, including Plaintiff, from third-party criminal attacks that were reasonably foreseeable.

29.

At all times relevant to Plaintiff's Complaint, Defendant Marriott failed to take additional security measures after being put on notice that the security measures in place were inadequate.

30.

At all times relevant to Plaintiff's Complaint, Defendant Marriott created, fostered, and encouraged an environment of violence and criminal activity at The Westin and therefore perpetuated the hazardous and dangerous conditions on the premises.

7

31.

Defendant Marriott was otherwise negligent.

32.

Defendant Marriott knew of, or with the exercise of due care of the safety of its invitees, including Plaintiff, should have known of, the dangerous and hazardous conditions existing at the Westin and that said conditions created an unreasonable risk of injury to Plaintiff. The attacks on Plaintiff were foreseeable to Defendant Marriott.

33.

Defendant Marriott failed to keep the premises safe and failed to adequately and properly protect its invitees, including Plaintiff, in breach of its duty of care.

34.

Defendant Marriott was *negligent per se.*

35.

Defendant Marriott had actual knowledge of the dangerous and hazardous condition existing at the Westin due to the direct knowledge of its employees and agents, and Defendant Marriott, through its employees and agents knew that Thompson was intoxicated and a danger to Plaintiff.

36.

Defendant Marriott had constructive knowledge of the dangerous and hazardous condition existing at the Westin due to the direct knowledge of its employees and agents, and Defendant Marriott, through its employees and agents should have known that Thompson was intoxicated and a danger to Plaintiff.

8

37.

In spite of Defendant Marriott's actual and/or constructive knowledge of Defendant Thompson's intoxication and the danger he posed to Plaintiff, it chose not to maintain a policy, procedure or system of investigating, reporting and warning of the negligently maintained property. Defendant Marriott negligently failed to maintain a policy, procedure or system of investigating, reporting and warning of the negligently maintained property.

38.

Defendant Marriott negligently represented to its invitees, including Plaintiff, that the Westin was properly maintained, adequately secured and free from dangerous or hazardous conditions when, in fact, the premises were not properly maintained, were not adequately secured and were not free from dangerous or hazardous conditions.

39.

Defendant Marriott's negligence was a cause in fact and a proximate cause of Plaintiff's injuries.

40.

Defendant Marriott is liable for the injuries suffered by Plaintiff.

41.

As a result of Defendant Marriott's negligence, Plaintiff is entitled to recover for the injuries sustained, pain and suffering, the costs of past and future care and treatment, lost wages and the ability to labor, and all other elements of damages as allowed under the laws of the State of Georgia, including special damages, compensatory damages, consequential damages, economic damages and punitive damages.

## COUNT II: NEGLIGENCE

## FAILURE TO PROVIDE ADEQUATE SECURITY

42.

Plaintiff repeats as if set forth fully herein paragraphs 1-41.

43.

At all times relevant to Plaintiff's Complaint, Defendant Marriott owed a duty of care to provide adequate security on and about the Westin for the safety of its invitees, including Plaintiff.

44.

At all times relevant to Plaintiff's Complaint, Defendant Marriott knew of hazardous or dangerous conditions on the premises and failed to warn patrons of them.

45.

At all times relevant to Plaintiff's Complaint, Defendant Marriott failed to provide and/or properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect invitees, including Plaintiff.

46.

At all times relevant to Plaintiff's Complaint, Defendant Marriott failed to hire persons, employees, and/or agents reasonably suited for establishing, enforcing, and maintaining proper security measures adequate to ensure the safety of its invitees.

47.

At all times relevant to Plaintiff's Complaint, Defendants failed to have any procedures governing the hiring, training, and supervision of its employees and agents and/or security on the premises; or in the alternative, failed to implement or follow said procedures.

10

48.

At all times relevant to Plaintiff's Complaint, Defendant Marriot failed to take such precautions as were reasonably necessary to protect its invitees, including Plaintiff, from third-party criminal attacks that were reasonably foreseeable.

49.

At all times relevant to Plaintiff's Complaint, Defendant Marriott failed to take additional security measures after being put on notice that the security measures in place were inadequate.

50.

At all times relevant to Plaintiff's Complaint, Defendant Marriott created, fostered, and encouraged an environment of violence and criminal activity at The Westin and therefore perpetuated the hazardous and dangerous conditions on the premises.

51.

Defendant Marriott was otherwise negligent.

52.

In spite of Defendant Marriott's actual and/or constructive knowledge of Defendant Thompson's intoxication and the danger he posed to Plaintiff, it chose not to provide adequate security on and about the premises, and instead Defendant Marriott negligently failed to provide adequate security on and about the premises in breach of their duty of care.

53.

Defendant Marriott's negligence was a cause in fact and a proximate cause of Plaintiff's injuries.

54.

Defendant Marriott is liable for the injuries suffered by Plaintiff.

11

55.

As a result of Defendant Marriott's negligence, Plaintiff is entitled to recover for the injuries sustained, pain and suffering, the costs of past and future care and treatment, lost wages and the ability to labor, and all other elements of damages as allowed under the laws of the State of Georgia, including special damages, compensatory damages, consequential damages, economic damages and punitive damages.

### COUNT III: PUNITIVE DAMAGES

56.

Plaintiff repeats as if set forth fully herein paragraphs 1-55.

57.

Plaintiff is entitled to an award of punitive damages pursuant to Georgia law, without limitation or cap because the actions of Defendant Marriott and its agents and employees showed wantonness, oppression, and an entire want of care, which would raise the presumption of conscious indifference to consequences. Defendant is guilty of aggravating circumstances as defined by Georgia law which entitles Plaintiff to an award of punitive damages to deter Defendant from such conduct in the future. O.C.G.A. § 51-12-5.1.

### COUNT IV: ATTORNEY'S FEES

58.

Plaintiff repeats as if set forth fully herein paragraphs 1-57.

59.

Because Defendant Marriott's actions evidence a species of bad faith and have caused Plaintiff undue expense, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action. (O.C.G.A.

§ 13-6-11). Furthermore, Plaintiff is entitled to all expenses of litigation and attorney's fees pursuant to all other Georgia statutory and common laws.

## COUNT V: ASSAULT AND BATTERY

60.

Plaintiff repeats as if set forth fully herein paragraphs 1-59.

61.

Defendant Thompson's actions constitute assault and battery under the laws of the state of Georgia.

62.

As a direct and proximate result of the assault and battery committed upon him by Defendant Thompson, Plaintiff was left in fear for this life and his well-being, and suffered serious bodily injury including an injured shoulder, lacerations, abrasions and contusions, and incurred reasonable and necessary medical expense and pain and suffering in an amount to be determined by the enlightened conscience of an impartial jury.

## COUNT VI: PUNITIVE DAMAGES

63.

Plaintiff repeats as if set forth fully herein paragraphs 1-62.

64.

Plaintiff is entitled to an award of punitive damages pursuant to Georgia law, without limitation or cap because the actions of Defendant Thompson showed wantonness, oppression, and an entire want of care, which would raise the presumption of conscious indifference to consequences. Defendant is guilty of aggravating circumstances as defined by Georgia law which

13

entitles Plaintiff to an award of punitive damages to deter Defendant from such conduct in the future. O.C.G.A. § 51-12-5.1.

## COUNT VII: ATTORNEY'S FEES

### 65.

Plaintiff repeats as if set forth fully herein paragraphs 1-64.

### 66.

Because Defendant Thompson's actions evidence a species of bad faith and have caused Plaintiff undue expense, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action. (O.C.G.A. § 13-6-11). Furthermore, Plaintiff is entitled to all expenses of litigation and attorney's fees pursuant to all other Georgia statutory and common laws.

WHEREFORE, Plaintiff Patrick O'Haver prays and respectfully demands verdict and judgment as follows:

(a) That Summons and Process issue and that the named Defendants be served with a copy of this Complaint and that Defendants be required to appear and answer;

(b) That Plaintiff be awarded compensatory damages against Defendants, in such an amount as may be shown by the evidence and as may be determined in the enlightened conscience of the jury;

(c) That Plaintiff be awarded special damages in an amount as may be shown by the evidence and proven at trial;

(d) That Plaintiff be awarded punitive damages in an amount as may be shown by the evidence and proven at trial;

(e) That Plaintiff be awarded his attorney's fees and costs of litigation in an amount as may be shown by the evidence and proven at trial;

(f) That Defendants be charged with all Court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case;

(g) That Plaintiff be granted a trial by jury; and,

(h) That Plaintiff be granted such other and further relief as may be shown by the evidence and the law, and as this Court may deem just and appropriate.

This 27th day of January 2022.

**KOENIG LAW GROUP, P.C.**

*/s/ George A. Koenig*
George A. Koenig
Georgia Bar No. 427626

Peachtree 25th, Suite 599
1718 Peachtree Street, N.W.
Atlanta, Georgia 30309
Phone: 678-539-6171
Fax: 678-539-6218
*Attorney for Plaintiff Patrick O'Haver*

15

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV000609**
**2/9/2022 4:01 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

PATRICK O'HAVER,

        Plaintiff,

    v.

MARRIOTT INTERNATIONAL, INC.,
BRIAN DOUGLAS THOMPSON, AND
JOHN DOES 1-5

                    Defendants.

CIVIL ACTION FILE NO.
22EV000609

**JURY TRIAL DEMANDED**

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MARRIOTT INTERNATIONAL, INC. (*BY SPECIAL APPEARANCE*)

COMES NOW, Defendant Marriott International, Inc. ("Defendant"), *appearing specially and without subjecting itself to personal jurisdiction, subject matter jurisdiction or venue, and reserving all affirmative defenses*, and Answers Plaintiff's Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore, the same should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Venue is improper and, therefore, Plaintiff's Complaint must be dismissed.

### THIRD AFFIRMATIVE DEFENSE

To the extent as may be shown by evidence through discovery, Defendant raises all applicable affirmative defenses set forth in O.C.G.A. §§ 9-11-8(c) and 9-11-12, and none of the foregoing defenses are waived.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and/or damages were not proximately caused by any act or omission on the part of Defendant, and any injuries or damages were directly and proximately caused by the negligence of a third party over whom Defendant did not exercise any care, custody or control.

## FIFTH AFFIRMATIVE DEFENSE

To the extent shown in discovery, Plaintiff's own comparative or contributory negligence caused or contributed to his alleged injuries and damages and, therefore, Plaintiff's recovery must be reduced or barred accordingly.

## SIXTH AFFIRMATIVE DEFENSE

To the extent shown in discovery, Defendant lacked sufficient notice or knowledge of the allegedly harmful condition alleged in Plaintiff's Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, damages, or losses, if any, were directly or proximately caused by the intervening, superseding acts and conduct of others over whom Defendant had no control, thereby precluding any recovery against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent shown in discovery, Plaintiff failed to mitigate his damages, and any recovery must be barred accordingly.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seeks special damages, Plaintiff has failed to plead such damages with the specificity required by O.C.G.A. § 9-11-9.

## TENTH AFFIRMATIVE DEFENSE

Defendant is not a proper party to this action and must be dismissed accordingly.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant gives notice that it intends to rely upon and invoke any other defense that may become available or appear during the discovery proceedings in this case and reserves its right to amend this Answer to assert any such defense.

## TWELFTH DEFENSE

Without waiving any of the foregoing Affirmative Defenses, Defendant now responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 1, and therefore, denies same as stated.

2.

Defendant admits the allegations contained in Paragraph 2.

3.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 3, and therefore, denies same as stated.

4.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 4, and therefore, denies same as stated.

5.

Paragraph 5 draws a legal conclusion that does not require a response from Defendant. To the extent a response is required, Defendant denies same.

6.

Defendant denies the allegations contained in Paragraph 6.

7.

In response to Paragraph 7, Defendant admits that Plaintiff was at the Westin on January 29, 2020. Defendant is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 7, and therefore, denies same as stated.

8.

In response to Paragraph 8, Defendant admits that, at some time on January 29, 2020, an altercation occurred between Plaintiff and Defendant Thompson. Defendant is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 8 and, therefore, denies same as stated.

9.

In response to Paragraph 9, Defendant admits that, at some time on January 29, 2020, an altercation occurred between Plaintiff and Defendant Thompson. Defendant is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 9 and, therefore, denies same as stated.

10.

In response to Paragraph 10, Defendant admits that security personnel at the property responded to the altercation between Plaintiff and Defendant Thompson and denies any allegations inconsistent herewith.

11.

In response to Paragraph 11, Defendant admits that security personnel at the property responded to the altercation between Plaintiff and Defendant Thompson and denies any allegations inconsistent herewith.

12.

In response to Paragraph 12, Defendant admits that, at some time on January 29, 2020, an altercation occurred between Plaintiff and Defendant Thompson. Defendant is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 12 and, therefore, denies same as stated.

13.

In response to Paragraph 13, Defendant admits that, at some time on January 29, 2020, an altercation occurred between Plaintiff and Defendant Thompson. Defendant is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 13 and, therefore, denies same as stated.

14.

In response to Paragraph 14, Defendant admits that, at some time on January 29, 2020, an altercation occurred between Plaintiff and Defendant Thompson. Defendant is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 14 and, therefore, denies same as stated.

15.

Defendant denies the allegations contained in Paragraph 15 as stated.

16.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 16, and therefore, denies same as stated.

17.

Paragraph 17 draws a legal conclusion that does not require a response from Defendant. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 17, and therefore, denies same as stated.

18.

Paragraph 18 draws a legal conclusion that does not require a response from Defendant. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 18, and therefore, denies same as stated.

19.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 19, and therefore, denies same as stated.

**<u>COUNT I: NEGLIGENCE</u>**

**<u>FAILURE TO KEEP PREMISES SAFE</u>**

20.

Defendant reasserts Paragraphs 1-19 as if stated verbatim herein.

21.

In response to Paragraph 21, Defendant admits that various duties may apply to property owners as provided by law, and denies any allegations inconsistent herewith.

22.

In response to Paragraph 21, Defendant admits that various duties may apply to it as provided by law, and denies any allegations inconsistent herewith.

23.

Paragraph 23 draws a legal conclusion that does not require a response from Defendant. To the extent a response is required, Defendant denies same as stated.

24.

Paragraph 24 draws a legal conclusion that does not require a response from Defendant. To the extent a response is required, Defendant denies same as stated.

25.

Defendant denies the allegations contained in Paragraph 25 as stated.

26.

Defendant denies the allegations contained in Paragraph 26 as stated.

27.

Defendant denies the allegations contained in Paragraph 27 as stated.

28.

Defendant denies the allegations contained in Paragraph 28 as stated.

29.

Defendant denies the allegations contained in Paragraph 29 as stated.

30.

Defendant denies the allegations contained in Paragraph 30 as stated.

31.

Defendant denies the allegations contained in Paragraph 31 as stated.

32.

Defendant denies the allegations contained in Paragraph 32 as stated.

33.

Defendant denies the allegations contained in Paragraph 33 as stated.

34.

Defendant denies the allegations contained in Paragraph 34 as stated.

35.

Defendant denies the allegations contained in Paragraph 35 as stated.

36.

Defendant denies the allegations contained in Paragraph 36 as stated.

37.

Defendant denies the allegations contained in Paragraph 37 as stated.

38.

Defendant denies the allegations contained in Paragraph 38 as stated.

39.

Defendant denies the allegations contained in Paragraph 39 as stated.

40.

Defendant denies the allegations contained in Paragraph 40 as stated.

41.

Defendant denies the allegations contained in Paragraph 41 as stated.

## **COUNT II: NEGLIGENCE**

## **FAILURE TO PROVIDE ADEQUATE SECURITY**

42.

Defendant reasserts Paragraphs 1-41 as if stated verbatim herein.

43.

Defendant denies the allegations contained in Paragraph 43 as stated.

44.

Defendant denies the allegations contained in Paragraph 44 as stated.

45.

Defendant denies the allegations contained in Paragraph 45 as stated.

46.

Defendant denies the allegations contained in Paragraph 46 as stated.

47.

Defendant denies the allegations contained in Paragraph 47 as stated.

48.

Defendant denies the allegations contained in Paragraph 48 as stated.

49.

Defendant denies the allegations contained in Paragraph 49 as stated.

50.

Defendant denies the allegations contained in Paragraph 50 as stated.

51.

Defendant denies the allegations contained in Paragraph 51 as stated..

52.

Defendant denies the allegations contained in Paragraph 52 as stated..

53.

Defendant denies the allegations contained in Paragraph 53 as stated.

54.

Defendant denies the allegations contained in Paragraph 54 as stated.

55.

Defendant denies the allegations contained in Paragraph 55 as stated.

## COUNT III: PUNITIVE DAMAGES

56.

Defendant reasserts Paragraphs 1-55 as if stated verbatim herein.

57.

Paragraph 57 draws a legal conclusion that does not require a response from Defendant.

To the extent a response is required, Defendant denies same as stated.

## COUNT IV: ATTORNEY'S FEES

58.

Defendant reasserts Paragraphs 1-57 as if stated verbatim herein.

59.

Paragraph 59 draws a legal conclusion that does not require a response from Defendant.

To the extent a response is required, Defendant denies same as stated.

## COUNT V: ASSAULT AND BATTERY

60.

Defendant reasserts Paragraphs 1-59 as if stated verbatim herein.

61.

Paragraph 61 does not contain any allegations against Defendant that require a response. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in this Paragraph and, therefore, denies same as stated.

62.

Paragraph 62 does not contain any allegations against Defendant that require a response. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in this Paragraph and, therefore, denies same as stated.

## **COUNT VI: PUNITIVE DAMAGES**

63.

Defendant reasserts Paragraphs 1-62 as if stated verbatim herein.

64.

Paragraph 64 does not contain any allegations against Defendant that require a response. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in this Paragraph and, therefore, denies same as stated.

## **COUNT VII: ATTORNEY'S FEES**

65.

Defendant reasserts Paragraphs 1-62 as if stated verbatim herein.

66.

Paragraph 66 does not contain any allegations against Defendant that require a response. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in this Paragraph and, therefore, denies same as stated.

67.

Defendant denies any and all allegations contained in Plaintiff's Complaint not specifically admitted herein, including the "WHEREFORE" Paragraph and prayer for relief.

**WHEREFORE**, having timely answered Plaintiff's Complaint by special appearance, Defendant Marriott International, Inc. respectfully requests:

a. That Plaintiff's Complaint be dismissed with prejudice for failure to state a claim;

b. That all of Plaintiff's prayers for relief be denied;

c. That all costs incurred by Defendant to defend this action be cast upon the Plaintiff;

d. That Defendant have a trial by twelve (12) jurors as the law provides; and

e. For such other and further relief as deemed just and proper by this Court.

This the 9th day of February, 2022.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303
P: (404) 954-5000
F: (404) 954-5020
ptrainor@hallboothsmith.com
pdunaway@hallboothsmith.com

*/s/ Paul B. Trainor*
Paul B. Trainor
Georgia Bar No. 641312
Preston A. Dunaway
Georgia Bar No. 644789

*Attorneys for Defendant Marriott International, Inc.*

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

PATRICK O'HAVER,

          Plaintiff,

    v.

MARRIOTT INTERNATIONAL, INC.,
BRIAN DOUGLAS THOMPSON, AND
JOHN DOES 1-5

                  Defendants.

CIVIL ACTION FILE NO.
22EV000609

## CERTIFICATE OF SERVICE

I hereby certify that I have this day submitted the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MARRIOTT INTERNATIONAL, INC. (*BY SPECIAL APPEARANCE*)** to counsel of record by depositing a copy of the same in the United States Mail, postage pre-paid, addressed as follows:

George A. Koenig
Koenig Law Group, P.C.
Peachtree 25, Suite 599
1718 Peachtree Street, N.W.
Atlanta, GA 30309
*Attorney for Plaintiff*

      This the <u>9th</u> day of February, 2022.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303
P: (404) 954-5000
F: (404) 954-5020
ptrainor@hallboothsmith.com
pdunaway@hallboothsmith.com

***/s/ Paul B. Trainor***
Paul B. Trainor
Georgia Bar No. 641312
Preston A. Dunaway
Georgia Bar No. 644789

*Attorneys for Defendant Marriott International, Inc.*

73403375-1